UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In The Matter Of:                        Civil No. 07-4768(DSD)

Shen Ko Investment Group LLC,            Bky. No. 06-41228(DDO)

      Appellant.

v.                                       **ORDER**

Timber Lodge Steakhouse, Inc.,

      Appellee.


    Ralph V. Mitchell, Jr., Esq. and Lapp, Libra, Thomson, Stoebner & Pusch, 120 South Sixth Street, Suite 2500, Minneapolis, MN 55402, counsel for appellant.

    Alan E. Brown, Esq., Kenneth Corey-Edstrom, Esq., Thomas J. Flynn, Esq. and Larkin, Hoffman, Daly & Lindgren, 7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN 55431, counsel for appellee.


    This matter is before the court upon Shen Ko Investment Group, LLC's ("Shen Ko") appeal of a final judgment by the United States Bankruptcy Court for the District of Minnesota.[1] Based upon a review of the file, record and proceedings herein, and for the following reasons, the court affirms the judgment of the bankruptcy court in part.

---

[1] The Honorable Dennis D. O'Brien, Judge, United States Bankruptcy Court for the District of Minnesota, presiding.

**BACKGROUND**

The facts in this case are undisputed. Shen Ko was the landlord under a nonresidential lease for a Timber Lodge Steakhouse restaurant in Madison Wisconsin. In February 2006 - approximately ten years into the twenty-year agreement - the restaurant closed, vacating the Madison premises and ceasing payment of rent and other amounts due under the lease. On June 26, 2006, the restaurant's parent company, Timber Lodge Steakhouse, Inc. ("Timber Lodge"), filed for Chapter 11 bankruptcy and moved to reject the Shen Ko lease. On August 8, 2006, the bankruptcy court approved rejection effective July 13, 2006, and granted Shen Ko an administrative claim for post-petition rent due prior to rejection pursuant to 11 U.S.C. § 365(d)(3), which Timber Lodge paid in full.

For nearly nine months before Timber Lodge moved out, Shen Ko had tried to sell the Madison property. Shen Ko finally reached a deal with a buyer on August 31, 2006, and sold the property for $1.53 million. Shortly thereafter, the new owner razed the building in which the restaurant was formerly housed.

In the purchase and sale documents, Shen Ko reserved its claim for damages against Timber Lodge. Accordingly, in its proof of claim in Timber Lodge's bankruptcy case, Shen Ko listed claims for both pre-petition amounts and alleged rejection damages. After adjusting the damages to comply with the statutory cap set forth in 11 U.S.C. § 502(b)(6), Shen Ko claimed $218,869.22 in future rents

2

owed for the remainder of the lease.  Timber Lodge accepted Shen Ko's claim for pre-petition amounts and actual damages for August 2006 but objected to the alleged rejection damages.

On September 13, 2007, the bankruptcy court heard oral argument on Shen Ko's damages claim.  Shen Ko argued that Minnesota law - applicable under the terms of its lease with Timber Lodge - did not require mitigation of damages and that the sale of the property did not extinguish its right to the rejection damages. Timber Lodge asserted that Shen Ko lost its claim for future rents once it sold the property.  On October 29, 2007, the bankruptcy court disallowed Shen Ko's claim for post-sale damages.  Shen Ko now appeals the bankruptcy court's ruling.

## DISCUSSION

When a bankruptcy court's judgment is appealed to a district court, that court "'acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error.'"  In re Falcon Prods., Inc., 497 F.3d 838, 840-41 (8th Cir. 2007) (quoting In re Fairfield Pagosa, Inc., 97 F.3d 247, 252 (8th Cir. 1996)).

In this case, the bankruptcy court disallowed Shen Ko's proof of claim for lease rejection damages, determining that Shen Ko "has no right to damages under 11 U.S.C. § 502(b)(6) that would represent future damages under the rejected lease after

3

consummation of the sale of the leased property by Shen Ko following the rejection." (Bankruptcy Ct. Order of Oct. 29, 2007, Appellant App. at 81-85.) Specifically, the bankruptcy court held that Shen Ko's sale of the property to a third party terminated the lease, mitigated damages and proved that Shen Ko intended to forgive Timber Lodge's further obligations and accepted its surrender of the property, thereby nullifying any recovery of future rents. (See id. at 84-85.) Shen Ko argues that the bankruptcy court erred as a matter of law in determining the effect of Shen Ko's sale on its damages claim against Timber Lodge.

Generally, the question of surrender "is to be determined by the law of the state in which the demised premises are situated." Hotz v. Fed. Reserve Bank, 108 F.2d 216, 218-19 (8th Cir. 1939). Here, however, the bankruptcy court applied Minnesota law as dictated by the choice of law provision in the lease, and neither party objected. (See Appellant App. at 22.) In Minnesota, parties to a lease "may terminate it expressly or by implication." Provident Mut. Life Ins. Co. v. Tachtronic Instruments, Inc., 394 N.W.2d 161, 164 (Minn. Ct. App. 1986). To terminate a lease by implication, the parties must intend to terminate the lease - that is, the landlord must "assume[] a position incompatible with the existence" of the landlord-tenant relationship. Benasutti v. Coast-to-Coast (Cent. Org.), Inc., 392 N.W.2d 695, 697 (Minn. Ct. App. 1986) (internal quotation omitted). When the terms of the

4

lease permit the landlord to re-enter the premises, however, "there must be unequivocal proof that the landlord intended to forgive the tenant's further obligations under the lease and accepted the tenant's surrender of the premises." Provident Mut., 394 N.W.2d at 164.

The bankruptcy court, citing Bowman v. Plumb, 20 N.W.2d 493 (Minn. 1945), determined that Shen Ko's sale of the property was the "unequivocal proof" that it forgave Timber Lodge's obligations. In Bowman, the Minnesota Supreme Court held:

> A lease may be terminated by operation of law where the owner of the leased premises has been a party to some act the validity of which [it] is estopped from disputing. It may be thus terminated when the landlord voluntarily assumes a position incompatible with the existence of the relationship of landlord and tenant as between said landlord and the original lessees. Thus, if a landlord accepts a third party as a tenant in place of a prior lessee, in effect this constitutes an acceptance of the surrender of the leased property and a consequent termination of the prior lease by operation of law.

Id. at 494-95. Bowman, however, fails to account for a landlord's right of reentry, to which Shen Ko was entitled upon default. The lease provides:

> Landlord [Shen Ko] can continue this Lease in full force and effect, and the Lease will continue in effect as long as Landlord does not terminate Tenant's [Timber Lodge] right to possession, and Landlord shall have the right to collect rent and all other charges when due. During the period Tenant is in default,

5

> Landlord can enter the Premises and relet them, or any part of them, to third parties for Tenant's account.

(Timber Lodge-Shen Ko Lease of July 22, 1996, Appellant App. at 16.) Pursuant to these terms, Shen Ko's reentry and agreement with a third party lessee would not constitute unequivocal proof that Shen Ko accepted Timber Lodge's surrender.

Moreover, Shen Ko's sale did not automatically terminate the lease. Provided that its use and occupancy of the premises was not disturbed, Timber Lodge agreed "in the event of a sale, transfer or assignment of [Shen Ko's] interest ... to attorn to and recognize such transferee, purchaser, lessor or mortgagee as Landlord under [the] Lease." (Id. at 12.) The lease, therefore, continued under the new owner, as did any remedies against Timber Lodge. With the lease still in effect, Shen Ko validly reserved the right to enforce those remedies against Timber Lodge. See MHW Ltd. Family P'ship v. Farrokhi, 693 N.W.2d 66, 68 (S.D. 2005); Kirk Corp. v. First Am. Title Co., 220 Cal. App. 3d 785, 809 (Cal. Ct. App. 1990). However, under the terms of the lease, such remedies were valid only "as long as Landlord does not terminate Tenant's right to possession." (Id. at 16.) In other words, Shen Ko could pursue lease-authorized remedies as long as Timber Lodge could, in theory, retake possession of the leased building and property. Once the new owner razed the former restaurant, though, it terminated any possibility of Timber Lodge retaking possession. In turn, this

action ended Shen Ko's ability to recover rent from Timber Lodge. Accordingly, the destruction of the premises - not the consummation of the sale - terminated Shen Ko's right to recover damages from Timber Lodge.

The record does not indicate the exact date upon which the new owner destroyed the building, although it apparently occurred "promptly" after the August 31 sale. (Appellee Br. at 4.) Assuming that the purchase and demolition were not precisely contemporaneous, Shen Ko's recovery extends at least into September 2006, but not past the destruction of the premises.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. The bankruptcy court's opinion is affirmed in part.

2. Claim No. 78-1, filed by Shen Ko Investment Group, LLC, in the amount of $278,110.72, resulting from Timber Lodge Steakhouse, Inc.'s rejection of a lease of Wisconsin real estate where Timber Lodge had operated one of its restaurants, is disallowed to the extent that it includes damages calculated pursuant to 11 U.S.C. § 502(b)(6) for any period following

destruction of the premises on the leased property, and is allowed to the extent the claim includes damages for the period prior to destruction of the premises.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 7, 2008

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court